NATHAN CLARK
NAME #57779 · C4·220L
PRISON NUMBER

P·O BOX 5006
CURRENT ADDRESS OR PLACE OF CONFINEMENT

CALIPATRIA, CA. 92233
CITY, STATE, ZIP CODE

**FILED**
OCT 1 2 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**'10 CV 2149 BEN RBB**

NATHAN CLARK
(FULL NAME OF PETITIONER)

PETITIONER

v.

L·S MCEWEN (WARDEN)

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

_____

The Attorney General of the State of
California, Additional Respondent.

Civil No _____
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

EVIDENTRIAY HEARING REQUESTED

## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   IMPERIAL COUNTY SUPERIOR COURT

2. Date of judgment of conviction: MARCH 19, 2010

3. Trial court case number of the judgment of conviction being challenged: _____
   EHC01298 (YA022456 CONVICTION # FOR CURRENT INCARSERATION)

4. Length of sentence: 90 DAYS FORFIETURE OF CREDITS

CIV 68 (Rev. Jan. 2006)

1 OF 51

CR

cv

5.  Sentence start date and projected release date: *SEPT. 5, 2019*
    *DEC. 5, 2019*

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): ___
    ① *3041(a) PERFORMANCE*, ② *3041(a) PERFORMANCE*
    ③ *3041(a) PERFORMANCE*

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty    ☒
    (b)  Guilty        ☐
    (c)  Nolo contendere  ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury          ☐
    (b)  Judge only    ☒

9.  Did you testify at the trial?
    ☒ Yes   ☐ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes  ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: ___
    (b)  Date of result (if known): ___
    (c)  Case number and citation (if known): ___
    (d)  Names of Judges participating in case (if known) ___

    (e)  Grounds raised on direct appeal: ___

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: *DENIED*
    (b)  Date of result (if known): *8-18-10*
    (c)  Case number and citation (if known): *5183049*
    (d)  Grounds raised: *"STACKING" C.D.C.R RULE VIOLATIONS*
    *115'S, IS ILLEGAL & PETITIONER SHOULD HAVE THE*
    *EXCESSIVE 115'S DROPED & DISMISSED AS TO POLICY*

*2 OF 51*

CIV 68 (Rev. Jan. 2006)                    -2-                                  cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes  ☒ No

3 oF 51

CIV 68 (Rev. Jan. 2006)

cv

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

        _____

    (d) Grounds raised: _____

        _____

        _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

        _____

    (c) Grounds raised: _____

        _____

        _____

        _____

        _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

4 OF 51

20.  If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the __California Supreme Court__, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

☑ Yes ☐ No    (IF "YES" SKIP TO #22)

(a)  If no, in what federal court was the prior action filed? _____

(i)  What was the prior case number? _____

(ii)  Was the prior action (CHECK ONE):
☐ Denied on the merits?
☐ Dismissed for procedural reasons?

(iii)  Date of decision: _____

(b)  Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

__CAUTION:__

● **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

● **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

● **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

5 oF 51

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE:** PETITIONER WAS DENIED HIS DUE PROCESS OF RIGHTS & LAW, IN THAT, PETITIONER WAS SUSTAINED 3 CONSECUTIVE 115 RULE VIOLATIONS, FOR "JOB PERFORMANCE" & UNDER C.D.C.R POLICY THIS IS ILLEGAL AS TO STACKING OF CREDIT LOSS & PETITIONER SHOULD HAVE ONLY RECIEVED CREDIT ~~Suspended to petition~~ LOSS FOR ONE OF THE 115 RULE VIOLATION AS SUPPORTED BY POLICY. VIOLATION OF PETITIONER'S DUE PROCESS OF LAW & EQUAL PROTECTION GUAREENTEED BY 14 AMEND. U.S. CONST. SUPPORTING FACTS: SEE ATTACHMENTS

Did you raise <u>GROUND ONE</u> in the <u>California Supreme Court</u>?

☒ Yes ☐ No.

If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition): HABEAS PETITION

(2)    Case number or citation: S 183049

(3)    Result (attach a copy of the court's opinion or order if available): DENIED

6 OF 51

## 6. GROUNDS FOR RELIEF                                                MC—275

Ground 1: State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

It is against CDCR policy,to "STACK"115's, to write a person a disciplinar

write up, for the same offense of Job Performance,until the initial 115

is heard  and if it is done,the Hearing Officer in the intreast of justice

should drop,the over lapping,same offense 115s,in violation of Policy.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

On 7-20-05,I was written a 115 rule violation for the specific act of

Performance 3041(A) with the dispisition and recondmendation of being

taken to ICC and removed from job assingment.On 7-21-05,and also 7-22-05

(2) two more 115 write ups ensued Petitioner for the same offense and

with same dispisition of job removal and job unassingment,(see Attachments

115 rule violations log# 7-05-A-050,7-05-A-064 and also 7-05-A-065 )

On 8-9-05 Petitioner was heard by CDCR Hearing Officer ,on all (3)

Three 115's and Petitioner was found guilty of offense of job performance

for all (3) three,115's and Petitioner recieved (30) Thirty Days loss

of credit Good time Work time credits for all (3) three 115's which afford

Petitioner a full credit loss of a total (90) Ninty days (see Attachments

CDC 128-B's and 115 rule violation report part C log# 07-05-A-050)

Upon learning that "Stacking 115's was illegal and against CDCR policy

(SEE GROUND 1 CONTINUATION)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

5th and 14th AMENDMENT of CONSTITUTION DUE PROCESS OF LAW VIOLATION

In RE BIRDWELL(1996) 58 CR. 2nd 244

7 of 51

## GROUND 1 CONTINUATION

1  Petitioner filled a Administrative Grivence 602 Appeal form

2  with CDCR on January 10 2010 to resolve issue and recieve

3  back the extra (60) Sixty days that were taken in excess of

4  CDCR policy against "STACKING" 115's and Petitioner was denied

5  this access to this administrative review based on I Petitioner

6  was told that there has been to much and to Great of a Time

7  Lapse for Me Petitioner to have his Grievance heard and

8  Petitioner Contended this finding by stating and letting Appeal

9  Cooridnator for CDCR at CALIPATRIA STATE PRISON aware that the

10  COURTS do not have a Time restriction on the awarding and

11  Granting of "ILLEGAL SENTENCING" CORRECTIONS ,upon the relayin

12  of this message Petitioner was still denied access to pursue

13  His appeal and Grievance on a administrative level. So Petitioner

14  Finds His Self and person Appealing His Grievance and Appeal to

15  a Higher Tribunal to recieve Reldress and Fair Judgement of

16  this Illegal Stacking of Petitioners 115's for job performance

17  which goes against CDCR Policy and Suffers Petitioner Injustices

18

19  ALSO SEE PETIONERS EVIDENCE AND EXHIBITS OF CDCR 115's that have been dropped and dismissed

20  on the grounds of "STACKING" Log# 08-08-C-013 Date 8-11-08 and also Log# 08-08-C-035 Date

21  8-21-08 of Inmate Tanner CDC# E-29255

22  Petitioner seeks to have His (60) sixty days of credit restored and have Excesive 115's

23  dismissed and removed from Petitioners CDCR FILE. The (2) two 115 rule violations dated

24  7-21-05 and 7-22-05.

25

26  (SEE CONTINUATION OF GROUND )

27

28

8 oF 51

7. Ground 2 or Ground _____ (if applicable):

MC–275

_____

_____

_____

_____

a. Supporting facts:

    ( CONTINUATION OF GROUND 1 )

Following  In re Birdwell (1996) 58 CR.2nd 244, Imposition of unauthorized sentence is act which is in excess of court's jurisdiction and may be subject of later review even after affirmance of judgement on direct appeal; unauthorized sentences is not subject to Harmless error,nor does it ripen into sentence authorized by Law with passage of time.

   General rule that unexplained delay in seeking relief may bar Habeas Corpus relief does not apply to bar correction of unauthorized sentence.

    Failure to object to defective verdict's ,failure to specify degree of offense, which necessarily results in punishment greater than that authorized by Jury,does not bar Granting of Habeas Corpus relief under theory of waiver or invited Error..

    Petitioner aserts that His claims and Grounds fall on the Integrity of CDCR Hearing officer at the time of Petitioners hearing on Grounds of not violating there own Laws and Procedures, in the Interest of Justice when these Procedures  are based on Integrity of said officers in the event of these hearings.Petitioner aserts He has a Right of Due Process of Law in these proceedings,that should be upheld and Honored under Constitutional Fairness.

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

9 oF 51

RESPONSE TO DENIAL

REASON (1) CLAIMS ASSERTED IN PETITIONS FOR WRIT OF HABEAS CORPUS MUST BE RAISED AS PROMPTLY AS CIRCUMSTANCES ALLOW;

REASON (2) A COURT WILL NOT CONSIDER ISSUES NOT RAISED IN A TIMELY MATTER.

REASON (3) PETITIONER HAS FAILED TO EXPLAIN THE SIGNIFICANT DELAY IN THIS MATTER.

PETITIONER'S ASSERTIONS AND CONTENTIONS

PETITIONER ASSERTS AND CONTENDS, THAT THIS VIOLATION HE IS CONTENDING OF HIS 5TH AND 14TH AMENDMENT RIGHT TO DUE PROCESS IS A CONTENTION OF A ILLEGAL SENTENCE FOLLOWING IN RE BIRDWELL 58 C.R 2ND 244 1996, PEOPLE v SMITH 102 C.R 2ND 731, SCOTT 36 C.R 2ND 627, WELCH 19 C.R 2D 520 PEOPLE v MORGAN 83 C.R 411. AND PETITIONER ASSERTS THAT THE UNDERLINING VIOLATION OF HIS 5TH AND 14TH AMENDMENT TO DUE PROCESS AND EQUAL PROTECTIONS IN THE NOT RECIEVING JUSTICE ON AN ADMINISTRATIVE LEVEL OF THIS INFRACTION.

PETITIONER ASSERTS AND CONTENDS, THAT HE DID EXPLAIN THE SIGNIFICANT DELAY IN THIS MATTER, TO RECIEVE REDRESS, AND THAT WAS EXPLAINED IN PETITIONERS HABEAS WRIT TO SUPERIOR COURT (SEE ATTACHMENTS) AS PETITIONER STATES OF WHEN, TIME HE WAS MADE AWARE OF THE KNOWLEDGE OF THIS "STACKING POLICY" AND THAT IT WAS "ILLEGAL" AND ONCE MADE AWARE, PETITIONER ASSERTED HIS DUE DILLENGENCE IN SEEKING TO HAVE THIS

1  MATTER RESOLVED AND TO SEEK REDRESS (SEE ATTACHMENTS)

2        PETITIONER ASSERTS AND CONTENDS ALSO

3  THIS LOSS OF CREDIT MATTER OF GOOD/TIME WORK/TIME

4  CREDIT IS A MATTER OF AN ILLEGAL SENTENCE

5  BASED ON C.D.C.R POLICY AGAINST STACKING R.V.R

6  RVLE VIOLATION REPORTS AS BEING ILLEGAL, PETITIONER

7  ASSERTS THE FOLLOWING OF IN RE BIRDWELL 58 CR.

8  2ND 244 (1996) "GENERAL RULE THAT UNEXPLAINED

9  DELAY IN SEEKING RELIEF MAY BAR HABEAS CORPUS

10  RELIEF, DOES NOT APPLY TO BAR CORRECTION OF

11  UNAUTHORIZED SENTENCE." AS STATED IN RE BIRDWELL

12  (1996) PETITIONER ASK RESPECTFULLY THAT HIS HABEAS

13  CORPUS WRIT OF THE CHALLENGE OF AN UNAUTHORIZED

14  SENTENCE BE GRANTED AND THE ILLEGAL LOSS OF GOOD/

15  WORK TIME CREDITS BE RESTORED AS PREVIOUSLY

16  ASKED IN SUPERIOR COURT (SEE ATTACHMENTS    )

17  ALSO FOLLOWING PEOPLE V SMITH 102 C.R 2D 731

18  "OBVIOUS LEGAL ERRORS AT SENTENCING THAT ARE

19  CORRECTABLE W/OUT REFERRING TO FACTUAL FINDINGS

20  IN THE RECORD OR REMANDING FOR FURTHER FINDINGS

21  ARE NOT WAIVABLE" ALSO SENTENCING ERRORS EXEMPT

22  FROM THE WAIVER RVLE SCOTT 36 C.R 2ND 627

23  ALSO UNAUTHORIZED SENTENCES OR SENTENCES

24  ENTERED IN EXCESS OF JURISDICTION WELCH 19 C.R 2D

25  520, ALSO FOLLOWING PEOPLE V MORGAN 83

26  C.R, 411 "AN UNAUTHORIZED SENTENCE INVOLVING

27  PURE QUESTIONS OF LAW IS REVIEWABLE AT ANY

28  TIME".

ATTACHMENTS OF 115 RULE VIOLATIONS LOG#
07-05-A-050, 07-05-A-064 and also 07-05-A-065    3 PAGES...

RECEIVED CAL APPEALS  JAN 1 2 2010

RECEIVED CAL APPEALS  JAN 2 0 2010

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| H-5777 | CLARK | | CSP-CAL | A1-141L | 07-05-A-050 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3041 (a) | PERFORMANCE | FAC. A "PRG" | 07/20/05 | 1430 |

CIRCUMSTANCES

On Wednesday, July 20, 2005, at approximately 1430 hours, while performing my duties as Facility "A" S&E, I observed Inmate CLARK, H-5779, A1-141L, who is assigned as a 3/W Program Porter, position #PTR.A.631, rdo's M/T, work hours 1400-2130, sitting inside the Clerks Office at a desk doing nothing. I advised Inmate CLARK that he needed to empty the trash can and sweep up the floor in the hallway inside the Program Office. Approximately 30 minutes later I noticed Inmate CLARK was still sitting in the Clerks Office and had not completed his tasks I assigned him to do. I advised Inmate CLARK to get to work and that he needed to complete his task. At about 1600 hours, I again observed Inmate CLARK in the Clerks Office doing nothing. I advised Inmate CLARK to clean up the Staff restroom & replenish the paper towel dispencer. He replied "OK". However he still sat their and made no attempts to get up. I told Inmate CLARK that he needed to be done at that time. He again stated, "OK, I got it". Approximately one (1) hour later I walked into the Staff restroom and noticed it still had not been cleaned. I have counseled Inmate CLARK about his job performance and is aware of his job expectations. It should be noted that Inmate CLARK has received numerous 115's for his job performance. I am requesting he be taken to ICC and be removed from his job assignment. Inmate CLARK is not a participant in the MENTAL HEALTH SERVICES DELIVERY SYSTEM (MHSDS). Inmate CLARK is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ N. MEJIA, CORRECTIONAL OFFICER | | FAC. A S&E | S/S |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ E. SILVA, CORRECTIONAL SERGEANT | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | F-0-30 | 7/21/05 | ▶ M. Tweedie | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 7/25/05 | 100 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | | | ▶ | | |

HEARING

| REFERRED TO | ☐ CLASSIFICATION | ☐ BPT/NAEA |
|---|---|---|

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ▶ | | ▶ | | |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ 13 OF 51 | | |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

804 SENT TO RECORDS: /  ,2005

RECEIVED CAL APPEALS JAN 1 2 2010

RECEIVED CAL APPEALS JAN 2 0 2010

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING/NO. | LOG NO. |
|---|---|---|---|---|---|
| H-57779 | CLARK | | CSP-CAL | A1-143 | 07-05-A-064 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR§ 3041 (A) | PERFORMANCE | | FAC."A" PROGRAM | 07/21/05 | 1400 HOURS |

On Thursday, July 21,2005, at approximately 1400 hours, while performing my duties as Facility "A" S&E. I advised Correctional Officer M. HURTADO A1 Control Booth Officer via Institutional telephone to release Inmate CLARK, H-57779, A1-143 for work in the program office position # PTRA 631, RDO's Mon/Tue, work hours 1400-2130. Approximately 20 minutes later Correctional Officer J. ORTIZ (A1 Floor Officer #1) advised me that inmate CLARK stated he would not be going to work. It should be noted that Inmate CLARK did receive a CDC 115 06/02/05, and on 02/06/05 for failure to report to work. I am requesting Inmate CLARK be taken to ICC and be removed from his assignment. Inmate CLARK is not a participant in the Mental Health Services Delivery System. Inmate CLARK is aware of this report

| REPORTING EMPLOYEE | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ➤ N. MEJIA Correctional Officer | 07/21/05 | FAC."A" S&E | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ➤ R. TORRES, Correctional Sergeant | | | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | DATE | LOC. | |
|---|---|---|---|---|---|---|
| ☐ADMINISTRATIVE | | | ➤ | | HEARING REFERRED TO | |
| ☐SERIOUS | | | | | ☐HO  ☐SHO  ☐SC  ☐FC | |

## COPIES GIVEN TO INMATE BEFORE HEARING

| ☐CDC 115 | BY: (STAFF'S SIGNATURE) | DATE: | TIME: | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ➤ | | | | | |
| ☐INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE: | TIME: | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ➤ | | | ➤ | | |

HEARING:

| ☐REFEREED TO | ☐CLASSIFICATION | ☐BPT/NAEA | | | |
|---|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | | SIGNATURE | DATE | TIME |
| | | | ➤ | | |
| REVIEWED BY (SIGNATURE) | SCREENED OUT JAN 1 2 2010 | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
| ➤ | SCREENED OUT JAN 2 0 2010 | | ➤ | | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | | ➤ | | | |

CDC 115 (7/88)

14 OF 51

RECEIVED CAL APPEALS  JAN 1 2 2010

STATE OF CALIFORNIA

**RULES VIOLATION REPORT PART** 804 SENT TO RECORDS: / ,2005

RECEIVED CAL APPEALS JAN 2 0 2010

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING/NO. | LOG NO. |
|---|---|---|---|---|---|
| H-57779 | CLARK | | CSP-CAL | A1-143 | 07-05-A-065 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR§ 3041 (A) | PERFORMANCE | | FAC."A" PROGRAM | 07/22/05 | 1405 HOURS |

On Friday, July 22, 2005, at approximately 1405 hours, while performing my duties as "A" S&E. I advised via Institutional telephone Correctional Officer J. ORTIZ (A1 Floor Officer) to release Inmate CLARK, H-57779, A1-143 for work. Inmate CLARK is assigned to position # PTRA 631, RDO's Mon/Tue, work hours 1400-2130. Approximately 5 minutes later Correctional Officer J. ORTIZ advised me that inmate CLARK would not be going to work. Inmate CLARK stated: "I'm taking a vacation and I don't care". It should be noted that Inmate CLARK has receive 115's for this same offense on 06/21/05 , 06/02/05, and on 02/06/05 . I am requesting Inmate CLARK be taken to ICC and be removed from his assignment. Inmate CLARK is not a participant in the Mental Health Services Delivery System. Inmate CLARK is aware of this report

| REPORTING EMPLOYEE | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ➢ N. MEJIA Correctional Officer | 07/21/05 | FAC."A" S&E | |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ➢ R. TORRES, Correctional Sergeant | | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | | | ➢ | ☐ HO  ☐ SHO  ☐ SC  ☐ FC |

**COPIES GIVEN TO INMATE BEFORE HEARING**

| | ☐ CDC 115 | BY: (STAFF'S SIGNATURE) ➢ | DATE: | TIME: | TITLE OF SUPPLEMENT |
|---|---|---|---|---|---|

| | ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ➢ | DATE: | TIME: | BY: (STAFF'S SIGNATURE) ➢ | DATE | TIME |
|---|---|---|---|---|---|---|---|

HEARING:

| ☐ REFEREED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE ➢ | DATE | TIME |
| REVIEWED BY (SIGNATURE) ➢ SCREENED OUT JAN 1 2 2010  SCREENED OUT JAN 2 0 2010 | | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ➢ | DATE | |
| COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ➢ | | DATE | TIME |

CDC 115 (7/88)

15 OF 51

ATTACHMENTS OF CDC 128-B's and 115 RULE VIOLATIO

REPORT PART C LOG# 07-05-A-050,LOG# 07-05-A-064,and LOG# 07-05-A-06

4 PAGES...

RECEIVED CAL APPEALS JAN 1 2 2010

RECEIVED CAL APPEALS JAN 2 0 2010

NAME & NUMBER: CLARK H-57779                    HOUSING A1-141U        CDC 128-B
On Tuesday, August 09, 2005, at approximately 1730 hours, Inmate CLARK, appeared before me in
regards to a Serious Rules Violation Log# 07-05-A-064. As part of the disposition Inmate CLARK
was found GUILTY and assessed the following LOSS OF PRIVILEGE:

30 Days LOSS OF PHONE    Beginning on 08/09/05 and Ending on 09/09/05.
10 Days LOSS OF YARD     Beginning on 08/09/05 and Ending on 08/19/05.
30 Days LOSS OF DAYROOM  Beginning on 08/09/05 and Ending on 09/09/05.

Orig : Central File
  CC : Program Lieutenant
       CCI
       Housing Unit                              J.J. SANTANA, CORRECTIONAL LIEUTENANT
       Inmate                                         Facility "A" 3/W

                          (LOSS OF PRIVILEGE)

DATE  08/09/05   SCREENED OUT JAN 1 2 2010
                 SCREENED OUT JAN 2 0 2010    GENERAL CHRONO            INST: CAL

---

NAME & NUMBER: CLARK H-57779                    HOUSING A1-141U        CDC 128-B
On Tuesday, August 09, 2005, at approximately 1740 hours, Inmate CLARK, appeared before me in
regards to a Serious Rules Violation Log# 07-05-A-065. As part of the disposition Inmate CLARK
was found GUILTY and assessed the following LOSS OF PRIVILEGE:

30 Days LOSS OF PHONE    Beginning on 08/09/05 and Ending on 09/09/05.
10 Days LOSS OF YARD     Beginning on 08/09/05 and Ending on 08/19/05.
30 Days LOSS OF DAYROOM  Beginning on 08/09/05 and Ending on 09/09/05.

Orig : Central File
  CC : Program Lieutenant
       CCI
       Housing Unit                              J.J. SANTANA, CORRECTIONAL LIEUTENANT
       Inmate                                         Facility "A" 3/W

                          (LOSS OF PRIVILEGE)

DATE  08/09/05   SCREENED OUT JAN 1 2 2010
                 SCREENED OUT JAN 2 0 2010    GENERAL CHRONO            INST: CAL

STATE OF CALIFORNIA   RECEIVED CAL APPEALS  JAN 1 2 2010                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                        PAGE $\underline{3}$ OF $\underline{3}$

| CDC NUMBER | INMATE'S NAME   RECEIVED CAL APPEALS  JAN 2 0 2010 | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-5777 | CLARK | 07-05-A-050 | CSP-CAL | 07/25/05 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

**DISPOSITION:**   Inmate CLARK was assessed the following:

1. Thirty (30) Days Forfeiture of Credits consistent with a Division 'F' Offense.

Inmate CLARK was notified as to CCR 3327, Restoration of Forfeited Credits; CCR 3328, Disciplinary Free Periods, and CCR 3329, Extraordinary Circumstances.

Inmate CLARK was counseled and reprimanded regarding program expectations and was advised about future behavioral expectations.

Inmate CLARK was advised of his right to appeal the Findings and/or Disposition of this Disciplinary Hearing, pursuant to CCR 3084.1, and also advised that he would receive a completed copy upon final audit by the Chief Disciplinary Officer (CDO). The review and signature of the CDO affirms, reverses, or modifies this Disciplinary action and/or credit forfeiture and constitutes the First Level of Review for Appeal Purposes.

SCREENED OUT  JAN 1 2 2010

SCREENED OUT  JAN 2 0 2010

☒ COPY OF CDC 115-C GIVEN TO INMATE

| SIGNATURE OF WRITER   T. SUETICH, CORRECTIONAL LIEUTENANT | | DATE SIGNED   8-30-05 |
|---|---|---|
| GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED   1145 |

CDC 115-C (5/95)

18 OF 51

OSP 99 25082

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                    PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|--------------|------------|-------------|--------------|
| H-57779 | CLARK | 07-05-A-064 | CSP-CAL | 08/09/05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☒ HEARING  ☐ IE REPORT  ☐ OTHER____

On Tuesday, July 09, 2005, at approximately 1730 hours, Inmate CLARK, H-57779, appeared before me in regards to this Rules Violation Report log #07-05-A-064. Inmate CLARK stated that he was in good health, acknowledged receipt of all reports, and was ready to proceed with this hearing. All time constraintants and due process HAVE been met. Inmate CLARK is not a participant in the MENTAL HEALTH SERVICES DELIVERY SYSTEM (MHSDS).

STAFF ASSISTANT: A Staff Assistant was not assigned pursuant to CCR 3315(d)(2).

INVESTIGATIVE EMPLOYEE: An Investigative Employee was waived by Inmate CLARK as noted by his signature on the CDC-115A. An IE was not assigned pursuant to CCR 3315(d)(1).

INMATES PLEA: The charges were read to Inmate CLARK and he pled GUILTY.

INMATES STATEMENT: Inmate CLARK had no comment regarding this Rules Violation Report.

WITNESSES: Inmate CLARK chose not to have witnesses present during the hearing, as noted by Inmate CLARK'S signature on the CDC-115A.

FINDINGS: Inmate CLARK was found GUILTY of having violating CCR Section 3041 (a) for the specific Act of: PERFORMANCE. This finding is based upon the preponderance of evidence submitted at the hearing, which is considered valid and does substantiate the charge. The evidence includes:

A: The Reporting Employees written report, which states in part: "I advised Correctional Officer M. HURTADO A1 Control Booth Officer via Institutional telephone to release Inmate CLARK, H-57779, A1-141U for work in the program office position # PTRA 631, RDO's Mon-Tue, work hours 1400-2130. Approximately 20 minutes later Correctional Officer J. ORTIZ (A1 Floor Officer 1) advised me that Inmate CLARK stated he would not be going to work. It should be noted that Inmate CLARK did receive a CDC-115 on 06/02/05, and on 02/06/05 for failure to report to work.

B: Inmate CALRK'S Admission of Guilt at the time of the hearing, by entering a plea of GUILTY.

DISPOSITION: Inmate CLARK was assessed:

| 0 Days Forfeiture of Credits | consistent with a Division "F" Offense. |
| 0 Days LOSS OF PHONES, | Beginning on 08/09/05 and Ending on 09/09/05. |
| 0 Days LOSS OF YARD, | Beginning on 08/09/05 and Ending on 08/19/05. |
| 0 Days LOSS OF DAYROOM, | Beginning on 08/09/05 and Ending on 09/09/05. |

Inmate CLARK was counseled and reprimanded regarding program expectations and was advised about future behavioral expectation specifically PERFORMANCE.

Inmate CLARK was referred to UCC with recommendation for: Removal from assignment and Placement in C-STATUS: For Program Failure Review.

Inmate CLARK was notified as to CCR 3327, Restoration of Forfeited Credits; CCR 3328,

| SIGNATURE OF WRITER  J.J. SANTANA, CORRECTIONAL LIEUTENANT | DATE SIGNED  8/31/05 |
|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) | DATE SIGNED  09/21/05 | TIME SIGNED  1150 |

CDC 115-C (5/95)

19 of 51                                    1150                              OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-57779 | CLARK | 07-05-A-065 | CSP-CAL | 08/09/05 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER ___

On Tuesday, July 09, 2005, at approximately 1740 hours, Inmate CLARK, H-57779, appeared before me in regards to this Rules Violation Report log #07-05-A-065. Inmate CLARK stated that he was in good health, acknowledged receipt of all reports, and was ready to proceed with this hearing. All time constraintants and due process HAVE been met. Inmate CLARK is not a particpant in the MENTAL HEALTH SERVICES DELIVERY SYSTEM (MHSDS).

STAFF ASSISTANT: A Staff Assistant was not assigned pursuant to CCR 3315(d)(2).

INVESTIGATIVE EMPLOYEE: An Investigative Employee was waived by Inmate CLARK as noted by his signature on the CDC-115A. An I E was not assigned pursuant to CCR 3315 (d)(1). H

INMATES PLEA: The charges were read to Inmate CLARK and he pled GUILTY.

INMATES STATEMENT: Inmate CLARK had no comment regarding this Rules Violation Report.

WITNESSES: Inmate CLARK chose not to have witnesses present during the hearing, as noted by Inmate CLARK'S signature on the CDC-115A.

FINDINGS: Inmate CLARK was found GUILTY of having violating CCR Section 3041 (a) for the specific Act of: PERFORMANCE. This finding is based upon the preponderance of evidence submitted at the hearing, which is considered valid and does substantiate the charge. The evidence includes

A: The Reporting Employees written report, which states in part: "I advised via Institutional telephone Correctional Officer J. ORTIZ (A1 Floor Officer) to release Inmate CLARK, H-57779, A1-141U for work. Inmate CLARK is assigned to position # PTRA 631, RDO's Mon/Tue, work hours 1400-2130. Approximately 5 minutes later Correctional Officer J. ORTIZ advised me that Inmate CLARK would not be going to work. Inmate CLARK stated: "I'm taking a vacation and I don't care". It should be noted that Inmate CLARK has receive 115's for this same offense on 06/21/05, 06/02/05, and 02/06/05.

B: Inmate CALRK'S Admission of Guilt at the time of the hearing, by entering a plea of GUILTY.

DISPOSITION: Inmate CLARK was assessed:

30 Days Forfeiture of Credits    consistent with a Division "F" Offense.
30 Days LOSS OF PHONES,    Beginning on 08/09/05 and Ending on 09/09/05.
10 Days LOSS OF YARD,    Beginning on 08/09/05 and Ending on 08/19/05.
30 Days LOSS OF DAYROOM,    Beginning on 08/09/05 and Ending on 09/09/05.

Inmate CLARK was counseled and reprimanded regarding program expectations and was advised about future behavioral expectation specifically To report to work assignment.

Inmate CLARK was referred to UCC with recommendation for: Removal from assignment and Placement on C-STATUS: For Program Failure Review.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J.J. SANTANA, CORRECTIONAL LIEUTENANT | 8/31/05 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | | 1148 |

CDC 115-C (5/95)

20 OF 51

OSP 99 25082

PETITIONER'S  EVIDENCE  AND  EXHIBITS  OF  CDCR  115's
THAT  HAVE  BEEN  DROPPED  AND  DISMISSED ON  GROUNDS  OF  "STACKING"

LOG# 08-08-C-013  DATED 8-11-08  AND  LOG#  08-08-C-035  DATED 8-21-08

4  PAGES...

21 oF 51

804 to records: 8-11-08

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | | RELEASE/BOARD DATE MEPD nus 2006 | INST. CSP-CAL | HOUSING NO. C5-128U | LOG NO. 08-08-C-013 |
|---|---|---|---|---|---|---|---|
| E-29255 | TANNER | | | | | | |

| VIOLATED RULE NO(S). CCR 3041 | SPECIFIC ACTS REFUSING TO WORK | LOCATION H.U. C5 | DATE 08/11/08 | TIME 0830 Hrs. |
|---|---|---|---|---|

CIRCUMSTANCES On Monday, August 11, 2008, at approximately 0830 hours, while performing my duties as C5 Housing Unit Officer #1, I observed Inmate TANNER E-29255, C5-128L standing in front of cell 109, wiping down the food port of the cell door. After about 10-15 minutes of wiping I called Inmate TANNER over to the podium. I instructed Inmate TANNER to wipe down the Staff Office and the CCI's Office window frames. He then faced and talked to my partenr, and said, "Ramirez, I don't think I will do a good job wiping down the window frames." I then ordered Inmate TANNER to address me, and reminded him that I was the one instructing him to perform the work. He walked away from me. I then told Inmate TANNER, "TANNER, I am ordering you to work and clean the dirty window panes in the Staff and CCI's Offices. Are you refusing to work and carry out my orders?" Inmate TANNER did not respond. Then he walked over to his assigned cell door and said, "I am not working." Inmate TANNER was ordered to go to his cell and receive a A-Day Inmate TANNER was advised that he would be receiving a 115 Serious Rules Violation Report. Inmate TANNER has a 115 pending for Disobeying Orders and two (2) 128-As Custodial Counseling Chronos for Unsatisfactory Work Performance. Inmate TANNER is not a participant in the Mental Health Services Delivery System (MHSDS). Inmate TANNER is aware of this report.

DISMISSED

| REPORTING EMPLOYEE (Typed Name and Signature) S. OLIVAREZ, Correctional Officer | DATE 8-12-08 | ASSIGNMENT C5-71#1 | RDO'S Tue/Wed. |
|---|---|---|---|

| REVIEWING SUPERVISOR'S SIGNATURE P. ZILLS, Correctional Sergeant | DATE 8/12/08 | ☐ INMATE SEGREGATED PENDING HEARING DATE N/A | LOC. N/A |
|---|---|---|---|

| CLASSIFIED ☐ ADMINISTRATIVE ☒ SERIOUS | OFFENSE DIVISION: E=31 60 | DATE 8/18/2008 | CLASSIFIED BY (Typed Name and Signature) A. BELTRAN | HEARING REFERRED TO ☐ HO ☒ SHO ☐ SC ☐ FC |
|---|---|---|---|---|

| x | COPIES GIVEN INMATE BEFORE HEARING | | | |
|---|---|---|---|---|
| ☐ CDC 115 0115A | BY: (STAFF'S SIGNATURE) S. Sander | DATE 8.19.08 | TIME 0800 | TITLE OF SUPPLEMENT N/A |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) N/A | DATE N/A | TIME N/A | BY: (STAFF'S SIGNATURE) N/A | DATE N/A | TIME N/A |

HEARING

On Sunday, August 24, 2008, at approximately 1315 hours, Inmate TANNER, E-29255, appeared before me for adjudication of this Rules Violation Report (RVR), charging him with violation of the California Code of Regulations (CCR), Section 3041, specifically for "REFUSING TO WORK," a Division "E" Offense. I introduced myself as the Senior Hearing Officer (SHO) for this disciplinary hearing, and explained the hearing rules and procedures to TANNER. TANNER stated that he was in sound physical health. TANNER stated that he understood the disciplinary process and the specific charge. TANNER is not a participant in the Mental Health Services Delivery System, the Disability Placement Program, or Developmental Disability Program.

DUE PROCESS: The preliminary copy of the disciplinary report was served to TANNER within fifteen (15) days of discovery, and the hearing was held within thirty (30) days of service. All pertinent documents were issued to TANNER more than twenty-four (24) hours prior to the hearing. Time constraints have been met. There are no due process violations.

INVESTIGATIVE EMPLOYEE: Per CCR, Section 3315(d)(1), an Investigative Employee (I.E.) was not assigned because: 1) The issue is not complex, 2) Inmate TANNER is housed on the same Facility where the violation occurred, and therefore can complete his own investigation, 3) available information is sufficent for a fair and impartial hearing.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | (CONTINUED ON RULES VIOLATION REPORT – PART C) |
|---|---|

| ACTION BY: (TYPED NAME) P. CORTEZ, Correctional Lieutenant | SIGNATURE | DATE 8-24-08 | TIME 1630 |
|---|---|---|---|

| REVIEWED BY: (SIGNATURE) W. J. PRICE, Facility C Captain | DATE 8/26/08 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE S. ANDERSON, AW-Housing (C/D)-C.D.O. | DATE 8/26/08 |
|---|---|---|---|

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) S.Sgt. S.Sanchez | 22 OF 51 | DATE 9-29-08 | TIME 1400 |
|---|---|---|---|---|

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

RULES VIOLATION REPORT - PART C                                                          PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E29255 | TANNER | 08-08-C-013 | CSP-CAL IV | 08/24/08 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**EFFECTIVE COMMUNICATION:** Inmate TANNER speaks fluent English, and his name does not appear on the Testing Literacy Report of inmates with T.A.B.E. Reading Scores of 4.0 or lower. Additionally, TANNER states he has a G.E.D. Effective communication was established during the hearing. Inmate TANNER successfully read the CDC 115 aloud to the SHO, and stated that he understood the report and the charges, and that he had no questions regarding the CDC 115.

**STAFF ASSISTANT:** Per California Code of Regulations (CCR), Section 3315(d)(2), a Staff Assistant (SA) was not assigned because TANNER is literate, understands English in written and verbal form, and the complexity of the issues are such that assistance is not necessary for TANNER to comprehend the nature of the charges or the disciplinary process. Additionally, TANNER does not need assistance that would require a confidential relationship, as described in CCR, Section 3318(b)(2)(A).

**INMATE'S PLEA:** The charges were read to Inmate TANNER, and he plead **NOT GUILTY.** Inmate TANNER stated, "I'm getting write-ups based on retaliation."

**WITNESSES:** Inmate TANNER waived his right to have witnesses present at the hearing, but did not sign the CDC 115-A to indicate his choice.

**FINDINGS:** Inmate TANNER was found **NOT GUILTY** of violating the California Code of Regulations (CCR), Section 3041, a Division "E" Offense, for the specific act of "Refusing to Work." This finding was based upon the definition of **Stacking** as related to the inmate disciplinary process. "Stacking" is defined in part as *"issuing consecutive reports for [...] work/education-related offenses before the previous report is adjudicated."* This finding is based on the following:

A) This RVR (Log Number 08-08-C-013) refers in the circumstances to a "115 pending" for TANNER's refusal to obey direct orders. Specifically, the RVR (Log Number 08-08-C-005) mentioned as "pending" is dated only ten (10) days prior to this RVR, for the work-related specific act of "Disobeying a Direct Order" (to clean the Housing Unit sallyport), and had not been adjudicated prior to TANNER being issued this CDC 115 for the specific act of "Refusing to Work." Therefore, in the interest of justice, the SHO finds "stacking" issues are evident and acts to DISMISS this RVR.

**DISPOSITION:** This RVR is **dismissed** in the interest of justice.

**APPEAL:** Inmate TANNER was advised of his right to appeal the findings and/or disposition of the hearing, pursuant to the CCR, Section 3084.1. He was also advised that he would receive a complete copy of this Rules Violation Report upon final audit by the Chief Disciplinary Officer (CDO). The review and signature of the CDO affirms, reverses, or modifies this disciplinary action and/or credit forfeiture and constitutes the First Level of review for appeal purposes.

| SIGNATURE OF WRITER | DATE |
|---|---|
| P. CORTEZ, Correctional Lieutenant | 8-24-08 |

| ☒ COPY OF CDC 115 GIVEN TO INMATE | GIVEN BY: (Staff's Signature) S. Sanchez | DATE SIGNED 8-29-08 | TIME 1400 |

CDC 115-C / REVISED (6/96)

23 OF 51

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTION

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| E-29255 | TANNER | | MEPD 8-25-07 ss. | CSP-CAL | C5-128L | 08-08-C- |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR 3041 a | REFUSING TO WORK | | C5 Floor | 08/21/08 | 0900 Hrs |

CIRCUMSTANCES  On Thursday, August 21, 2008, at approximately 0900 hours, while performing my duties as C5 Floor Officer #2, I gave Inmate TANNER E-29255, C5-128L, some assigned duties. I ordered TANNER, who is currently assigned as building clerk (CLK.C-501), the task of compiling a list of inmates who request showers in the Housing Unit. TANNER replied,"Fuck No!" I'm not going to make a list. I asked Inmate TANNER if he was refusing to work: he said, "I'm no doing that." I told Inmate TANNER that he will be getting a CDC-115 for Refusing to Work. TANNER then replied, "fine, I don't care!" Inmate TANNER was sent to his cell, and told he will be receiving an 'A' Day for that date. Inmate TANNER is not a participant in the Mental Health Services Delivery System (MHSDS). Inmate TANNER is aware of this report.

DISMISSED

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| M. RAMIREZ, Correctional Officer | 8-26-08 | C5 Floor Clo 2 | M/T |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| K. WOOD, Correctional Sergeant | 8/26/08 | N/A | N/A LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO |
|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F - 0 - 30 | 8-31-08 | PG/Lton  R. G. SUTTON | | ☐ HO ☒ SHO ☐ SC ☐ |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | |
|---|---|---|---|---|---|
| ☒ CDC 115 115A | BY: (STAFF'S SIGNATURE) S. Sancer | DATE 9.2-08 | TIME 0645 | TITLE OF SUPPLEMENT N/A | |
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) N/A | DATE N/A | TIME N/A | BY: (STAFF'S SIGNATURE) N/A | DATE N/A TIME N/A |

HEARING    On Friday, September 12, 2008, at approximately 1515 hours, Inmate TANNER, E-29255, appeared before me for adjudication of this Rules Violation Report (RVR), charging him with violation of the California Code of Regulations (CCR), Section 3041(a), specifically for "REFUSING TO WORK," a Division "F" Offense.    I introduced myself as the Senior Hearing Officer (SHO) for this disciplinary hearing, and explained the hearing rules and procedures to TANNER. TANNER stated that he was in sound physical health. TANNER stated that he understood the disciplinary process and th specific charge. TANNER is not a participant in the Mental Health Services Delivery System, the Disability Placement Program, or Developmental Disability Program.

DUE PROCESS:  The preliminary copy of the disciplinary report was served to TANNER within fifteen (15) days of discovery, and the hearing was held within thirty (30) days of service. All pertinent documents were issued to TANNER more than twenty-four (24) hours prior to the hearing.  Time constraints have been met.  There are no due process violations.

INVESTIGATIVE EMPLOYEE: Per CCR §3315(d)(1), an Investigative Employee (I.E.) was not assigned because: 1) The issue is not complex, 2) Inmate TANNER is housed on the same Facility where the violation occurred, and can conduct his own investigation, and (3) available information is sufficient for a fair and impartial hearing.

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA         (CONTINUED ON RULES VIOLATION REPORT – PART C)

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| H. L. DRAKE, Correctional Lieutenant | | 9/24/08 | 15 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| W. J. PRICE, Facility Captain | 9/26/08 | S. ANDERSEN, AW-Housing (C/D)-C.D.O. | 9/29/08 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) S. Sancer | DATE 10-7-08 | TIME 080 |
|---|---|---|---|

CDC 115 (7/88)

24 OF 5

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**
PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| E-29255 | TANNER | 08-08-C035 | CSP-CAL | 09-12-08 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER____

EFFECTIVE COMMUNICATION: The SHO established effective communication with Inmate TANNER, when Inmate TANNER successfully read the CDC-115 aloud and explained the circumstances in his own words. Inmate TANNER stated that he understood the report and the charges, and that he had no questions regarding the CDC-115.

STAFF ASSISTANT (S.A.): A Staff Assistant was not assigned. Inmate TANNER understands English in written and verbal form, the issues are not complex and Inmate TANNER does not meet the criteria for assignment of a Staff Assistant per CCR § 3315(d)(2)(A).

INMATE'S PLEA: The charge was read and Inmate TANNER pled NOT GUILTY. Inmate Tanner stated, "C/O. Ramirez told me to count how many people were in every cell. I did a shower list twice before. He skipped people on the list and then blamed me for it. They thought it was my fault. This is Olivarez's Co-Worker writing this 115. All these write ups are because I wrote a staff complaint on Officer Ramirez."

WITNESSES: Inmate TANNER requested no witnesses present at his hearing, as noted by his signature on the 115-A.

FINDING: Inmate TANNER was found NOT GUILTY of violating CCR § 3041(a), a division "F" Offense, for the specific act of REFUSING TO WORK. This finding was based upon the definition of "STACKING " as related to the inmate disciplinary process. STACKING is defined in part as, "Issuing consecutive reports for any offense before the previous report has been adjudicated ." This finding is based on the following;

1) This RVR Log#, 08-08-C035, was written prior to RVR Log# 08-08-C005 had been fully adjudicated, which was also work related, and written as "REFUSING TO WORK", therefore violating Inmate Tanners Due Process Rights. Therefore, In The Interest Of Justice, the SHO finds "STACKING" issues are evident and acts to DISMISS this RVR.

DISPOSITION: This RVRV is DISMISSED In the Interest of Justice.

APPEAL RIGHTS: Inmate TANNER was advised of his rights to appeal the findings and/or disposition of the hearing, pursuant to CCR § 3084.1 and advised he would receive a complete copy of this hearing upon final audit by the Chief Disciplinary Officer (CDO), whose signature affirms, reverses or modifies this disciplinary action and constitutes the First Level of Review for appeal purposes.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| H.L. DRAKE, CORRECTIONAL LIEUTENANT | | 8/24/08 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| S. Sanchez | 10-7-08 | 0700 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)



OSP 99 25082

25 OF 51

ATTACHMENTS   CDCR   ADMINISTRATIVE REVIEW FORMS
602 AND   ATTACHMENTS   AND   ALSO   CDCR   FORM   695   SCREENING   FORMS
5   PAGES...

State of California
CDC FORM 695
RECEIVED CAL. APPEALS JAN 2 0 2010
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*January 12, 2010*

**CLARK, H57779**
*FC0400000000220L*

Log Number: CAL-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

Appeals Coordinator
Calipatria State Prison

SCREENED OUT  JAN 2 0 2010

NOTE: Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted.

**PERMANENT APPEAL ATTACHMENT  DO NOT REMOVE**

27 OF 51

RECEIVED CAL APPEALS JAN 1 2 2010

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/37)

RECEIVED CAL APPEALS JAN 2 0 2010

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| | 1. _____ | 1. _____ | | _____ |
| | 2. _____ | 2. _____ | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| N. CLARK | H57779 | C. VOC | C4.220 |

**A. Describe Problem:** BACK IN "05" 7-20-05, 7-21-05, & 7-22-05, I WAS WRITTEN A 115 RULE VIOLATION FOR THE SPECIFIC ACT OF PERFORMANCE 3041(A) WITH THE SAME DISPOSITION & RECOMMENDATION OF BEING TAKEN TO ICC & REMOVED FROM JOB ASSINGMENT, ON 8-9-05, I WAS HEARD FOR THESE (3) THREE 115'S & FOUND GUILTY, BUT THIS WAS ILLEGAL TO FIND ME GUILTY FOR (3) THREE OF THE SAME RULE VIOLATIONS & SAME DISPOSITION UNDER "STACKING" IN THE JOB PERFORMANCE & JOB ASSINGMENT CRITIERIA, AS WHEN I WAS FIRST WRITTEN UP, ON 7-20-05 FOR JOB PERFORMANCE & TOLD

(SEE ATTACHMENTS)

If you need more space, attach one additional sheet.

**B. Action Requested:** TO HAVE THE EXTRA 2 TWO WRITE UPS I RECIEVED TO BE DROPPED, DISMISED, & RECIEVE BACK THE 60 DAYS & POINTS I RECIEVED FOR THESE EXTRA 2 TWO 115 RULE VIOLATIONS, ON THE GROUNDS OF STACKING & IN THE INTREAST OF JUSTICE

Inmate/Parolee Signature: _Nathan Clark_    Date Submitted: 1-10-09

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____
_____
_____
_____
_____
_____

Staff Signature: _____    Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

SCREENED OUT JAN 1 2 2010

SCREENED OUT JAN 2 0 2010

28 OF 51

RECEIVED CAL APPEALS  JAN 1 2 2010

RECEIVED CAL APPEALS  JAN 2 0 2010

1  I WAS BEING REQUESTED TO BE TAKEN TO ICC

2  & REMOVED FROM JOB ASSIGNMENT, AFTER NOT

3  BEING ABLE TO PERFORM JOB, EVERYTHING WAS NOTED

4  & ME NOT RETURNING TO WORK, & WAITING ON THE

5  DISPOSITION & RECOMMENDATION, SHOULD NOT HAVE

6  HAD ME BE ALLOWED, TO RECIEVE ADDITIONAL

7  115 RULE VIOLATIONS FOR PERFORMANCE WITH THE

8  SAME DISPOSITION & RECOMMENDATION, OF BEING

9  REFERED TO ICC & REMOVED FROM JOB

10  ASSIGNMENT, & IF FOUND GUILTY OF THIS & THESE

11  ALLEGATIONS I SHOULD HAVE HAD ONLY (1) ONE

12  THE FIRST INITIAL RULE VIOLATION 115, FOR

13  PERFORMANCE STAND & BEEN ASSESED (30)

14  THIRTY DAYS ONLY FOR INITIAL 115 RULE VIOLATION

15  PERFORMANCE & HAD THE ONLY (2) TWO 115 RULE

16  VIOLATIONS FOR THE SAME OFFENSE DROPED

17  & DISMISSED, IN THE INTREAST OF JUSTICE

18  & FOR THE ILLEAGAL GROUNDS OF "STACKING".

19

20

21

22

23

24

25

26

27

28

SCREENED OUT  JAN 1 2 2010

SCREENED OUT  JAN 2 0 2010

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*January 20, 2010*

***CLARK, H57779***
*FC0400000000220L*

Log Number: CAL-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

*Your response has been noted, however, your appeal remains untimely, and will not be accepted. Do not resubmit.*

Appeals Coordinator
Calipatria State Prison

NOTE: Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

30 of 51

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*January 20, 2010*

**CLARK, H57779**
*FC0400000000220L*

Log Number: CAL-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*There has been too great a TIME LAPSE between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Time limits expired per CCR 3084.6(c). Therefore, if you would like to pursue this matter further, you must submit an explanation and supporting documentation explaining why you did not or could not file your appeal timely.*

~~Your explanation has been received~~ *however, your appeal remains untimely, and will not be ~~accepted. Do not resubmit.~~*

Appeals Coordinator
Calipatria State Prison

NOTE: Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**



TO: APPEALS

RECEIVED CAL APPEALS JAN 2 0 2010

THE REASON AS TO WHY I FILLED MY 6·0·2 SO LATE, IS I HAD NO IDEAL OF THIS "STACKING" PROCEDURE, DEALING WITH 115'S WERE ILLEGAL UP UNTIL RECENTLY WHEN I TURNED IN MY 6·0·2, ALSO THIS ISSUE SHOULD HAVE BEEN CORRECTED INITIALLY BY THE HEARING OFFICER, TO UP HOLD JUSTICE & IN THE INTREAST OF JUSTICE, BECAUSE AS WAS HIS POSITION TO DO SO, & ALSO THE COURTS HAVE STATED THAT THERE IS NO TIME BARS TO UNAUTHORIZED SENTENCES

SINCERLY
& THANK YOU
NATHAN CLARK
H57779 · C4 · 220



DATE: 1-13-10

SCREENED OUT JAN 2 0 2010

32 OF 5#

<u>EXHIBIT   OF   PETITIONER"S   LEGAL   STATUS   SUMMARY</u>

<u>SHEET   ( DOCUMENTING   PETIONER'S   ADDING   OF   CREDITS   DATED   7/20/2005,</u>

<u>7/21/2005,and 7/22/2005</u> ▓▓▓▓▓▓▓▓) .... <u>2 pages...</u>

LEGAL STATUS SUMMARY  TYPE-   D    CAL       ** DISCREPANT **12/10/2009 21:34

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| H57779 | CLARK,NATHAN,ALLEN | BLA | 08/15/1973 |

ACA CLARK,NATHAN,ALLAN

| TERM STARTS | MAX REL DATE | MIN REL DATE | MAX ADJ REL DT | MIN ADJ REL DT |
|---|---|---|---|---|
| 09/06/1995 | 03/22/2023 | 01/28/2020 | 03/22/2023 | 01/28/2020 |

175-2019

BASE TERM 10/00 + ENHCMNTS  18/04 = TOT TERM  28/04     | PAROLE PERIOD
                                                        | 3 YRS

PRE-PRISON + POST SENTENCE CREDITS
CASE      P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019   P2931 POST-SENT   TOT

YA022456
              225                                    33              28    286

PC296 DNA COMPLETED
NOTIFICATION REQUIRED PER P3058.6

| RECV DT/ COUNTY/ | CASE | | SENTENCE DATE | CREDIT | OFFENSE |
| CNT    OFF-CODE | DESCRIPTION | | | CODE | DATE |

CONTROLLING PRINCIPAL & CONSECUTIVE  (INCLUDES ENHANCEMENTS/OFFENSES):

----CONTROLLING CASE ---
 9/06/1995  LA    YA022456              8/08/1995  NO STRIKES: 2
                  01 P667(A)    01 PFC SERIOUS                  6
 01 P212.5(B)
                  ROBBERY 2ND                              6    12/27/1994
                  (H)WPN
                  P12022.5(A)   03 USE F'ARM               6
 02 P212.5(B)
                  ROBBERY 2ND                     -CS      6    12/27/1994
                  (H)WPN
                  P12022.5(A)   03 USE F'ARM               6
      2933.1

NON-CONTROLLING OFFENSES:
 9/06/1995  LA    YA022456              8/08/1995  NO STRIKES: 2
  03 P245(A)(2)
                  ASLT W/FIREARM                           3    12/27/1994
      2933.1

| TRAN | | | | RULE | D A Y S |
| TYPE   DATE | END DATE LOG NUMBER | | | NUMBER | ASSESS LOST REST DEAD |

BEG 12/04/1992              ******BEG BAL******
ADD 09/06/1995              YA022456         34 OF 54

LGAL STATUS SUMMARY ---CONTINUATION---    PAGE    2

```
CDC NUMBER  |  NAME
   H57779   |  CLARK,NATHAN,ALLEN
```

| | Date | Number | Code | | | |
|---|---|---|---|---|---|---|
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 09/34/1996 | 9609082 | 3005 | 30 | 30 | |
| DD | 09/06/1995 | YA022456 | | | | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 11/18/1996 | 9611065 | 3005 | 61 | 61 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 12/02/1996 | 9612008 | 3005 | 90 | 90 | |
| DD | 09/06/1995 | YA022456 | | | | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 05/02/2001 | 0501A004 | 3041A | 30 | 30 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 09/21/2001 | 0901A031 | 3041B | 30 | 30 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 06/06/2002 | 0206A013 | 3041 | 30 | 30 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 06/07/2002 | 0206A14 | 3041A | 30 | 30 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 10/07/2002 | 1002A003 | 3005A | 90 | 90 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 12/15/2003 | 1202A038 | 3005B | 90 | 90 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CL | 07/20/2005 | 0705A050 | 3041A | 30 | 30 | |
| CL | 07/21/2005 | 0705A064 | 3041A | 30 | 30 | |
| CL | 07/23/2005 | 0705S065 | 3041A | 30 | 30 | |
| DD | 09/06/1995 | YA022456 | | | | |
| CR | 11/21/2006 | 9612008 | 3005 | | | 90 |
| CR | 11/21/2006 | 0501A004 | 3041A | | | 30 |
| CR | 11/21/2006 | 0901A031 | 3041B | | | 30 |
| CR | 11/21/2006 | 0206A14 | 3041A | | | 30 |
| CR | 11/21/2006 | 1202A038 | 3005B | | | 90 |
| CR | 11/21/2006 | 0705S065 | 3041A | | | 30 |
| DD | 09/06/1995 | YA022456 | | | | |

CURRENT PC BALANCE:    0    CURRENT BC BALANCE:    1149

(b) **GROUND TWO**: _____

_____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

   If yes, answer the following:

   (1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

   (2)   Case number or citation: _____

   (3)   Result (attach a copy of the court's opinion or order if available): _____

(c) **GROUND THREE**: _____

_____

_____

**Supporting FACTS**: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

　　If yes, answer the following:

　　(1)　Nature of proceeding (i.e., petition for review, habeas petition): _____

　　(2)　Case number or citation: _____

　　(3)　Result (attach a copy of the court's opinion or order if available): _____

**(d)  GROUND FOUR:** _____

_____

_____

**Supporting FACTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)   Case number or citation: _____

(3)   Result (attach a copy of the court's opinion or order if available): _____

CIV 68 (Rev. Jan. 2006)

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
    ☐ Yes   ☒ No

24. If your answer to #23 is "Yes," give the following information:
    (a) Name of Court: _____
    (b) Case Number: _____
    (c) Date action filed: _____
    (d) Nature of proceeding: _____

    _____

    (e) Name(s) of judges (if known): _____
    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    (g) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes   ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing: _____

    _____

    (b) At arraignment and plea: _____

    _____

    (c) At trial: _____

    _____

    (d) At sentencing: _____

    _____

    (e) On appeal: _____
    (f) In any post-conviction proceeding: _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

    _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

☒ Yes   ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☒ Yes   ☐ No

(a) If so, give name and location of court that imposed sentence to be served in the future: TORRANCE COURT   L.A. COUNTY

(b) Give date and length of the future sentence: 28 YEARS   4 MONTHS

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☒ Yes   ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

CIV 68 (Rev. Jan. 2006)

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

10 - 7 - 10
_____

(DATE)

_____

SIGNATURE OF PETITIONER

41 OF 51

SUPREME COURT

FILED

AUG 1 8 2010

Frederick K. Ohlrich Clerk

_____

Deputy

S183049

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

_____

In re NATHAN CLARK on Habeas Corpus.

_____

The petition for writ of habeas corpus is denied.   (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Dexter* (1979) 25 Cal.3d 921.)

_____

GEORGE

*Chief Justice*

42 of 51

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF IMPERIAL

☐ 220 Main Street
    Brawley, CA 92227

☐ 415 4th Street
    Calexico, CA 92231

☒ 939 Main Street
    El Centro, CA 92243

☐ PO Box 1087
    2124 Winterhaven Drive
    Winterhaven, CA 92243

☐ Jail Division
    328 Applestill Road
    El Centro , CA 92243

☐ Juvenile Division
    324 Applestill Road
    El Centro, CA 92243

**ENDORSED**

MAR 23 2010

SUPERIOR COURT
IMPERIAL COUNTY
~~Kristine Kussman~~ KUSSMAN, CLERK
BY KARINA PALACIO
DEPUTY

**Nathan Clark**
    Plaintiff/Petitioner,

vs.

**Larry Small, Warden**
    Defendant/Respondent.

)
)
)
)
)
)
)
)
)

Case No. **EHC01298**

**DECLARATION OF MAILING**

State of California, County of Imperial

I, the undersigned, certify under penalty of perjury, that I am a Deputy Clerk of the above entitled Court and not a party to the within action; that I mailed a true and correct copy on 03/23/10 of the **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** to each of the persons listed below, by depositing such notice in the United States Mail, enclosed in sealed envelopes with postage prepaid:

Nathan Clark
CDC#:  H-57779
P.O. Box 5006
Calipatria, CA.

Office of the Imperial County District Attorney**
940 Main Street
El Centro, CA. 92243

**Sent via inter-office mail

Dated:    March 23, 2010

KRISTINE KUSSMAN, COURT EXECUTIVE OFFICER

By: X _____
    Deputy Clerk



ENDORSED

MAR 19 2010

Kristine Kussman

SUPERIOR COURT
IMPERIAL COUNTY
~~~~~~ PULLEN, CLERK
BY KARINA PALACIO
DEPUTY

1

2

3

4

5

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF IMPERIAL

10

11   In re:                              Case No. EHC 01298

12   NATHAN CLARK,

13   On Habeas Corpus.              **ORDER DENYING PETITION FOR WRIT OF
                                    HABEAS CORPUS**

14

15

16          Petitioner, an inmate currently incarcerated at Calipatria State Prison, initiated this action

17   by a petition dated February 18, 2010.  Petitioner alleges due process violations regarding

18   respondent's "stacking" of three instances of job performance discipline in July 2005.

19          Claims asserted in petitions for writ of habeas corpus must be raised as promptly as

20   circumstances allow; a court will not consider issues not raised in a timely manner.  *In re Clark*

21   (1993) 5 Cal.4th 750.  Petitioner has failed to explain the significant delay in this matter.

22          Petition DENIED.

23   DATED:  March 19, 2010

24

25                                      JEFFREY B. JONES
                                        Judge of the Superior Court



44 OF  1  51

MEMORANDUM OF    PETITIONERS POINTS AND AUTHORITIES

MEMORANDUM   OF   POINTS   AND   AUTHORITIES

STATEMENT OF CASE

On 7-20-05 Petitioner a CDCR Inmate,recieved a CDCR 115 rule violation for the specific act of Performance at which time,it was recommended  and requested,that Petitioner be taken to ICC and removed from Job assignment/work assignment as disposistion.The next day on 7-21-05 after respecting officer Recommendation and Request Petitioner was awaiting the Hearing of 115 rule violation written on previous day,(7-20-05 ) since Recommendation was to be removed and while not choosing to report to work on the following day,Petitioner was written up once more on 7-21-05 for the same Specific act of Performance with the same Disposition,of being Requested and Recommended tobe removed from Job assignment/Work assignment. Also following the next day Petitioner on 7-22-05, chose to still not go to work,( Because of negative Rapport and Situation ) and He / Petitioner was written up again for a 115 rule violation for the Specific act of Performance,with the same Disposition of Request and Recommendation of Removal of Job/work assignment.

On August 9th,2005 Petitioner (3) three, 115 rule violation for Specific act of Perfofmance were Heard by CDCR HEARING OFFICER at which time Petitioner was found Guilty of all (3) three, 115's and assessed (30) Thirty days Loss/Forfiture of Credits,GOOD TIME WORK TIME CREDITS for all (3) three 115's which total to a loss of (90) Ninety days of GOOD TIME WORK TIME CREDITS.

Around January 2010 Petitioner in His Due Diligence, learned that this form of writting Inmates up,"Issuing Consecut-

46 of 54

ive report for any offense before the Previous Report has been

Adjudicated, is a Illegal Procedure under the Title of "STACKING".

Upon learning of this Procedure, Petitioner Set forth to address

this Due Process of Law Violation Administratively, but was

Denied access to the AdministrativeGrievance 6.0.2 Appeal

Process,on Grounds "of to Great a Time Lapse" so Petitioner

sought Relief to the Tribrunal of the COURTS to have this

matter addressed and Adjudicated and to be awarded just and

fair application and the Granting and Protec tion of My

Constitutional Rights and Constitutional Fairness.


### ARGUMENT 1

Petitioner contends and asserts that this policy of "STACKING" " is a policy of procedure,that Hearing Officer set in position of Integrity are to enforce and uphold in the Interest of Justice, as to Adjudicate the matters of Hearings Fairly, and to adward the Justices of Procedure's and Policy's.

Petitioner wae clearly Denied this and Denied it also as He/Petitioner attempted to appeal it (the matter ) and recieve proper and fair Redress.

Now Petitioner seeks the COURTS to award Granting of Appeal in Fairness and the replacing of His/Petitioner GOOD/WORK TIME CREDITS, that was wrongly taken in the Denial and Violation of His/Petitioner DUE PROCESS OF LAW RIGHT 5th and 14th Admenment.

### ARGUMENT 2

Petitioner asserts and contends that Imposition of Unauthorized sentence is a act which is in excess of courts jurisdiction and may be subject of later review even after affirmance of judgement on direct appeal; Unauthorized sentences is not subject to Harmless Error ,Nor does it ripen into sentence Authorized by Law with passage of Time.

General rule that unexplained delay in seeking relief may bar Habeas Corpus relief does not apply to bar correction of unauthorized sentence.

Failure to object to defective verdicts, Failure to specify degree of offense, which

1  Failure   to object to defective verdicts, Failure to specify degree of offense, which

2  necessarilly results in punishment greater than that authorized by Jury, does not bar

3  granting of Habeas Corpus relief under theroy of waiver or Invited Error, Following In Re

4  Birdwell (1996 ) 58 Cr.2nd 244, and Petitioner contends and asserts that His/Petitioner

5  Disposition outcome was an unauthorized sentence based on His/Petitioner violation of His

6  DUE PROCESS OF LAW right and He/Petitioner should not be timed barred or restricted from

7  seeking relief in this matter of unauthorized sentence and Petitioner should be Granted

8  relief by this Court to afford Petitioner correction of Violations of Rights and to

9  restore Petitioner's GOOD/WORK TIME CREDITS and Dissmissing the following (2) Two 115 rule

10  violations in the Interest of Justice and the Guidelines of C.D.C.R. Policy against

11  "STACKING".

12                    STATEMENT   OF   FACTS

13      "STACKING" is illegal and against CDCR policy ,as it does

14  not allow the compiling of 115 rule violations for WORK/

15  EDUCATION related offenses, until the initial write has been

16  adjudicated and if it is done than only the initial write up

17  115 can be heard and adjudicated and the following 115 rule

18  violations, in the interest of justice,must be dissmissed as

19  policy and procedure dictates and also Due Process law.But

20  Petitioner was not awarded this relief of policy and procedure

21  and also Due Process  of Law,when initial Hearing Officer

22  should have awarded Petitioner this remedy,but failed to

23  enforce and up hold Policy against "STACKING".

24      Petitioner states also as Petitioner attempted to address

25  this issue and matter administratively Petitioner was Denied

26  this access on grounds of to "Great of a time Lapse",but as

27  Imposition of an unauthorized sentence,is a act which is in

28  excess of COURTS jurisdiction,CDCR actions on illegal

sentences Disposition,are also GOVERNED under this case law of DUE PROCESS OF LAW,and in Petitioner second attempt to still have ADMINISTRATIVE grievance 6.0.2.appeal heard on Merits Petitioner informed CDCR APPEALS COORIDNATOR,of policy and Procedure and CASE LAW against unauthorized sentences,and Petitioner was still Denied access to resolve Issues and Matters on a ADMINISTRATIVE level,so Petitioner has sought to have Issues and Matters of Violations to be reviewed by the COURTS to afford Petitioner REDRESS, for wrongs and Constitutional violations of DUE PROCESS OF LAW and to have (60) sixty days GOOD/WORK TIME CREDITS RESTORED and to also have CDCR 115 rule violations LOG# 07-05-A-064 and LOG# 07-05-A-065 DISSMISSED and DROPPED in the interest of Justice as Policy and Procedures GOVERNS and INSTRUCTS. As also following ruling and case law in re Birdwell (1996) 58 CR.2nd 244 as to no time limits as to address UNAUTHORIZED SENTENCES.

## CONCLUSION

Based on the fore going arguments and authorities Petitioner respectfully request that the Habeas Corpus petition Writ be GRANTED and have Petitioner (60) sixty days GOOD/WORK TIME CREDITS restored and to have 115 rule violations LOG# 07-05-A-064 and LOG# 07-05-A-065 DISSMISSED and DROPPED,as in Fashion with Policy and Procedure of CDCR on this ISSUE of "STACKING".

DATE: 10-7-10

RESPECTFULLY SUBMITTED

Nathan Clark

PRO SE

NATHAN CLARK

49 OF 51

REASON FOR DELAY TO TO APPEAL TO THE SUPREME COURT OF CALIFORNIA

PETITIONER ASSERTS THAT IN HIS DEFENSE TO SEND HIS APPEAL TO THE CALIFORNIA SUPREME COURT IN A TIMELY FASHION, PETITIONER CLAIMS THAT SINCE THE RECIEVAL OF HIS DENIAL FROM SUPERIOR COURT OF CALIFORNIA, COUNTY OF IMPERIAL CASE# EHC 01298, ON OR DATED 3·19·10 PETITIONER HAS BEEN ON A LOCKDOWN/MODIFIED PROGRAM, WHICH HAS DENIED HIM ACCESS TO THE COURTS, AND DUE TO RECENTLY BEING ALLOWED TO GO TO LAW LIBRARY HERE AT CALIPATRIA STATE PRISON (EFFECTIVE DATE 5-20-10) PETITIONER ASSERTS HIS DUE DILIGENCE IN SUBMITTING HIS APPEAL TO HIS DENIAL OF HABEAS WRIT CASE # EHC01298.

PETITIONER ALSO HAS SENT EVIDENCE OF THIS DELAY TO ACCESS COURTS IN A TIMELY FASHION ON THIS MATER (SEE PROGRAM STATUS REPORT CAL-INST-10-004 DATED 3-22-10 - 5-20-10) (1 OF 10 PAGES)

# VERIFICATION

(C.C.P. § 446 & 2015.5: 28 U.S.C. § 1746)

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

I, _NATHAN CLARK_ DECLARE UNDER PENALTY OF PERJURY THAT: I AM THE _PETITIONER_ IN THE ABOVE ENTITLED ACTION. I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION AND BELIEF AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _7TH_ DAY OF _OCTOBER_ 2010 AT CALIPATRIA STATE PRISON CALIPATRIA, CALIFORNIA 92233-5002.

_Nathan Clark_ (DECLARANT/PRISONER)
SIGNATURE

# PROOF OF SERVICE BY MAIL

(C.C.P. §1013(a) & 2015.5: U.S.C. § 1746)

I, _NATHAN CLARK_ AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER EIGHTEEN (18) YEARS OF AGE AND AM / AM NOT A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS P.O. BOX 5002, CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ON _OCT. 7TH_ 2010 IS SERVED THE FOREGOING:

TO SOUTHERN DISTRICT COURT
880 FRONT ST. SUITE 4290
1 ORIGINAL + 2 COPIES   SAN DIEGO, CA. 92101-8900

(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY THEREOF, ENCLOSED IN A SEALED ENVELOPE(S) WITH POSTAGE THEREON FULLY PAID, IN A THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002.

ATTN: CLERK   TO   SOUTHERN DISTRICT COURT
880 FRONT ST. SUITE 4290
SAN DIEGO CALIF. 92101-8900

THERE IS DELIVERY SERVICE BY UNITED STATE MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THE FORGOING IS TRUE AND CORRECT.

DATE _10-7-_ 2010   _Nathan Clark_
DECLARANT / PRISONER

51 OF 51

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
OCT 1 2 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Nathan Clark

**DEFENDANTS**

L. S. McEwen

2254 X 1983
FILING FEE PAID
Yes
No X
IFP MOTION FILED
Yes X
No
COPIES SENT TO
Court X    ProSe

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Nathan Clark
P.O. Box 5006
Calipatria, CA 92233
H-57779

**ATTORNEYS (IF KNOWN)**

'10 CV 2149 BEN RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question
  (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)**           FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS.** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Eiectmant | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appelate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE                    Docket Number

DATE          10/12/10

SIGNATURE OF ATTORNEY OF RECORD

CR