UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CLARK,<br><br>           Petitioner,<br>v.<br><br>L.S. MCEWEN,<br><br>           Respondent. | Case No. 10cv02149-AJB (RBB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S REQUEST FOR EVIDENTIARY HEARING** [Doc. No. 10] |

    Presently before this Court is Magistrate Judge Ruben B. Brooks' Report & Recommendation ("R & R"). (Doc. No. 10.) The R & R recommends the Court deny Petitioner Nathan Clark's ("Petitioner" or "Clark") petition for writ of habeas corpus, as well as his request for an evidentiary hearing. (Doc. No. 11.) This Court has considered Clark's petition, Respondent L.S. McEwen's ("Respondent" or "McEwen") response, Petitioner's traverse, all supporting documentation, and Petitioner's objections to the R & R. Having considered these documents, the Court **ADOPTS** the R & R, **DENIES** Clark's petition for writ of habeas corpus, and **DENIES** Clark's request for an evidentiary hearing.

*Background*

    Petitioner alleges prison officials violated the California Department of Corrections and Rehabilitation's ("CDCR") policy that prohibits "stacking" when it imposed three separate forfeitures of his good time credits for rules violations that stemmed from the same offense. (Doc. No. 1.) The three violations resulted in a loss of ninety days of good time credits, thirty days for each violation. On January 10, 2010, nearly five years after the alleged "stacking" occurred, Petitioner submitted an inmate

grievance that contended the loss of his credits was in violation of CDCR policy.  On January 12, 2010, Petitioner's grievance was screened out as untimely, pursuant to section 3084.6(c) of the California Code of Regulations.

Petitioner appealed the decision and explained he had been unaware of CDCR's policy against "stacking" until the time he filed his initial grievance.  Petitioner further alleged the hearing officer should have recognized the improper "stacking."  On January 20, 2012, Petitioner's appeal was also screened out as untimely.

On February 8, 2010, Clark filed a petition for writ of habeas corpus with the California Superior Court for the County of Imperial.  Clark alleged due process violations that arose from prison officials "stacking" three instances of rules violations. (Doc. No. 1.)  On March 19, 2010, the superior court denied the petition because it was untimely and failed to account for the significant delay in filing the state petition. *Id.* (citing *In re Clark*, 5 Cal.4th 750 (Cal. 1993)).  Petitioner filed a petition with the California Supreme Court, which was denied on August 18, 2010.  (*Id.* at 42.)

On October 12, 2010, Clark filed a federal petition for writ of habeas corpus. (Doc. No. 1.) Respondent filed a response on December 30, 2010. (Doc. No. 6.)  Magistrate Judge Ruben B. Brooks issued an R & R to this Court, recommending that the Petition be denied, and that Petitioner's request for an evidentiary hearing also be denied. (Doc. No. 10.)  Clark filed objections to the R & R with this Court on March 27, 2012. (Doc. No. 11.)

*Legal Standard*

The duties of a district court in connection with a magistrate judge's R & R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  A district court must "make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3) (2007); *see also United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("(I)n providing for a ' *de novo* ' determination . . . Congress intended to permit whatever reliance a district judge, in exercise of sound judicial discretion, chose to place on a [magistrate judge's] proposed findings and recommendations.").

//

*Discussion*

The R & R concluded that Clark's petition was time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitation because Clark first attempted to exhaust his claims in state court nearly five years after the alleged violations occurred. (R & R, 11:13-15) (citing 28 U.S.C.A. § 2244(d)(1) (West 1996)). The R & R further concluded that neither statutory or equitable tolling apply to Petitioners case. (*Id.* at 22:11-12.) Finally, the R & R found Petitioner is procedurally barred from bringing his claim, as he did not establish the cause and prejudice exception applies to his case. (*Id.* at 29:8-10.) After reviewing Petitioner's objections and the entire record, this Court concludes the Magistrate Judge correctly determined Petitioner is not entitled to habeas relief.

## I.     *Objections*

Petitioner objects to the R & R on the grounds that his petition does not challenge a state conviction or judgment of a state court. Further, Petitioner objects on the grounds that his claim is not subject to the procedural bar set forth by the AEDPA's limitations period. *See* 28 U.S.C.A. § 2244(d)(1) (West 1996). Finally, Petitioner objects on the grounds that he exhausted administrative and state court remedies prior to filing his federal petition.

### A.     **AEDPA's Statute of Limitations**

Petitioner argues the AEDPA's statute of limitations applies only to petitions that challenge custody pursuant to the judgment of a state court. Petitioner cites *Cox v. McBride*, which holds that a prison disciplinary board is not considered a state court for purposes of the AEDPA's limitations period. *Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002) (recognizing a well-established distinction between a state court and a state prison disciplinary board).

In *Cox*, Petitioner was found guilty by a prison disciplinary board of assaulting a guard and was sentenced to lose two years of good-time credits. *Id.* The district court dismissed Cox's habeas petition as untimely. The Seventh Circuit analyzed the meaning of the word "court" within the AEDPA, however, and found that it was not meant to encompass a prison disciplinary board.[1] Consequently, the

---

[1] 28 U.S.C.A. § 2244(d)(1) (West 1996) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.").

Seventh Circuit found the sentence imposed by the prison disciplinary board was distinct from the custody he must serve as the result of state court's judgment and remanded the case. *Id.*

Here, Petitioner contends his case is analogous to *Cox*, as he was also sentenced to lose good time credits by a prison disciplinary board. Although *Cox* seems factually on point with the instant case, its ruling is not binding on this Court. Furthermore, the Ninth Circuit Court of Appeals disagreed with the Seventh Circuit's holding in *Cox*. In *Shelby v. Bartlett*, 391 F.3d 1061 (9th Cir. 2004), Shelby's petition challenging a prison disciplinary board's decision was time-barred by the AEDPA's statute of limitations. As in *Cox*, Petitioner argued that the AEDPA's statute of limitations did not apply to prison disciplinary board decisions. *Id.* at 1063. However, the court joined the Second, Fourth, and Fifth Circuits and held that the AEDPA's statute of limitations period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby*, 391 F.3d at 1063 (disagreeing with the Seventh Circuits narrow interpretation of the AEDPA).

Therefore, as the Ninth Circuit Court of Appeals held that prison disciplinary board decisions fall under the AEDPA's statute of limitations, this Court **DENIES** relief based on these claims.

### B.   *Statutory Tolling*

The statute of limitations is statutorily tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). Statutory tolling is not available if the first state habeas petition is filed after the limitations period has expired. *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001). Here, Petitioner filed his first state habeas petition in the state superior court on February 18, 2010. Even accepting Petitioner's assertion that he became aware of the factual predicate of his claim sometime between December 2009 and January 2010, his filing of the state habeas petition nearly five years later could not statutorily toll the already expired one-year statute of limitations. *Jiminez,* 276 F.3d at 482.

### C.   *Equitable Tolling*

Petitioner repeatedly argues that he did not fail to meet the AEDPA's statute of limitations requirements because he "asserted due diligence in pursuit of correcting his constitutional violations and deprivations." (Objections to R & R, 2:10-12.) Petitioner agrees with Respondent that he filed his initial

grievance nearly five years after the alleged "stacking" occurred. Petitioner argues, however, that the AEDPA's statute of limitations was tolled until he was made aware of the violations that took place.

Here, although the alleged violations took place on July 20, 2005, Petitioner contends he filed his grievance with the prison disciplinary board on January 10, 2010, less than one year after he was made aware of the violations  As such, Petitioner argues he filed his claim "within the ADEPA's one year statute of limitations. (*Id.* at 2:5-6). Petitioner's arguments that the statute of limitations was tolled because he was unaware of the violations, however, are incorrect. The R & R addressed this issue and determined that neither statutory nor equitable tolling applied to Petitioner's case. (R & R, 22: 11-13.)

Equitable tolling of the statute of limitations is appropriate when the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S.Ct. 2549, 2554 (2010). Magistrate Judge Brooks cited numerous Ninth Circuit cases where a prisoner's lack of legal knowledge and legal sophistication were not extraordinary circumstances that warranted equitable tolling. (R & R, 21:2-11) (citing *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Perez v. Adams*, 405 F.App'x 262, 263 (9th Cir. 2010)). Thus, nothing in the factual record demonstrates a barrier to Petitioner's timely filing of a state habeas petition, nor has Petitioner argued that any other circumstances would justify equitable tolling. As a result, Petitioner has not met the very high burden of qualifying for equitable tolling.

Because Petitioner's claims related to his plea agreement are not eligible for statutory or equitable tolling, the Court finds they are barred by AEDPA's one-year statute of limitations. Therefore, the Court **DENIES** relief based on these claims.

### D.     *Procedural Default*

"A habeas petitioner who has failed to comply with a state's procedural requirements for presenting federal claims has deprived the state courts of an opportunity to address the claims. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (citing 28 U.S.C.A. § 2254(b). The respondent has the burden of pleading an adequate and independent procedural bar as an affirmative defense in a habeas case. *See Bennet v. Mueller*, 322 F.3d 573, 585 (9th. Cir. 2003). If the respondent meets its burden, the burden shifts to the petitioner to show "cause" and "prejudice." *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011).

Petitioner argues he did not fail to exhaust his remedies because he filed his grievance with the prison disciplinary board, and his claim in state court, prior to filing his federal habeas petition. Petitioner cites a few cases to support his contention; however, Petitioner may be confused as to how the holding in these cases applies here. In *Darr v. Burford*, 399 U.S. 200 (1950), "The Supreme Court . . . held that (a) District Court properly refused to grant writ of habeas corpus on application of one detained under judgment of conviction in state court presenting federal constitutional question, where that question had been squarely passed upon by state supreme court in application for writ of habeas corpus, and prisoner had not filed petition for certiorari with the United States Supreme Court." *Darr* was overruled by *Fay v. Noia,* 372 U.S. 391 (1963), which may be the case Petitioner meant to cite.

In *Fay*, the Supreme Court overruled *Darr*, reasoning that requiring Petitioners to file an application for certiorari was unnecessarily burdensome on Petitioner and the Supreme Court. *Fay*, 372 U.S. at 436.  Nevertheless, Petitioner did not object to the R& R's finding of independence and adequacy, nor did Petitioner object to the R & R's  finding of no "cause" and "prejudice," which is required before federal habeas relief will be available.  Petitioner, without analysis, cites *Werts v. Vaugh*, merely stating in quotes, "fair presentation."  *Werts*, however, notes that a claim that has been held to be procedurally barred by a state court is not reviewable by a federal court. ("Werts' due process claim based on the prosecutor's vouching statements, however, is not reviewable here, despite excusable exhaustion, because this claim is procedurally defaulted.").  The court in *Werts* found that a Petitioner who failed to comply with a state rule must establish cause and prejudice in order to obtain habeas relief under federal law. *Werts v. Vaughn*, 228 F.3d 178, 193-94 (3d Cir. 2000) "[W]e may not consider the merits of Werts' due process argument regarding the vouching statements unless he has established cause and prejudice. . . .").

Here, the magistrate judge also found that Petitioner must establish cause and prejudice in order to obtain habeas relief.  (R & R, 27: 25-27.)  Nevertheless, Petitioner merely states he exhausted all claims and cites the above cases, without any analysis.  Moreover, Petitioner does not object to the R & R's finding that he must show "cause or prejudice" to bring his federal claim, nor does he provide any facts to support a finding for cause or prejudice, which would allow this Court to hear his claims.  The Court therefore **DENIES** relief based on these claims.

### II. *Evidentiary Hearing*

Finally, Petitioner requests an evidentiary hearing as to his claims. (Doc. No. 11.) Because Petitioner is not entitled to habeas relief as to any claim presented, his request for an evidentiary hearing is **DENIED**. *See Bashor v. Risley,* 730 F.2d 1228, 1233 (9th Cir.1984) (holding that an evidentiary hearing is not required on issues which can be resolved on the basis of the state court record).

### *Conclusion*

For the reasons above, this Court **ADOPTS** the R & R and, accordingly, **DENIES** Clark's Petition for writ of habeas corpus in its entirety and **DENIES** the request for an evidentiary hearing.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). It is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). The Court concludes that Petitioner has not met this standard and **DENIES** the certificate of appealability.

**IT IS SO ORDERED**.

DATED: April 11, 2012

Hon. Anthony J. Battaglia
U.S. District Judge